845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERICAN PRESS, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
Graphic Communication International, Union Detroit/Toledo,
Local 289, Intervenor.
 Nos. 86-5935, 86-6061.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon a petition filed by American Press, Inc., to review an order of the National Labor Relations Board issued against said Petitioner, its officers, agents, successors, and assigns, on 24 June 1986, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument of respective counsel on 17 August 1986, and has considered the briefs and transcript of record filed in this cause. On 20 November 1987, the Court being fully advised in the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Petitioner, American Press, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Refusing to recognize and bargain collectively with Detroit-Toledo Local No. 289, Graphic Communications International Union as the exclusive collective-bargaining representative of its employees in the following appropriate unit:
 
 
 4
 All employees engaged in performing work, processes, or operations associated with lithography, wet or dry offset printing, photo engraving, intaglio, gravure, or any technological or other change, evolution of, or substitution for any of the above-named work, processes, or operations, bindery employees, shipping and maintenance employees, cold-type employees (including proofreaders, keylinders, keyboard operators, and photon employees) employed by American Press, Inc. as successor to Rite-Way Press, Inc., but excluding all sales employees, professional employees, office clerical employees, superintendents, guards, and supervisors as defined by the Act.
 
 
 5
 (b) Making changes unilaterally in the rates of pay and benefits of the employees in the above unit without notice to and bargaining with the above Union.
 
 
 6
 (b) Telling applicants that they will not be hired because of their union affiliation.
 
 
 7
 (d) Refusing to hire or otherwise discriminating against employees in their hire or tenure of employment because they are members of, or gave support to, Detroit-Toledo Local No. 289, Graphic Communications International Union or any other labor organization.
 
 
 8
 (e) In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 9
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 10
 (a) Offer immediate and full employment to Calvin Casteel, Charlotte Casteel, John Mohan, Gale Willard, and Norman Wilson, without prejudice to their seniority or any other rights or privileges previously enjoyed, discharging if necessary employees hired from sources other than the Rite-Way Press, Inc., Detroit, Michigan printing plant to make room for them.
 
 
 11
 (b) Make whole Calvin Casteel, Charlotte Casteel, John Mahon, Gale Willard, and Norman Wilson for any loss of pay they may have suffered as a result of the discrimination against them in the manner described in the section of the Board's decision entitled "The Amended Remedy."
 
 
 12
 (c) Recognize and, on request, bargain collectively with Detroit-Toledo Local No. 289, Graphic Communications International Union as the exclusive collective-bargaining representative of the employees described in paragraph 1(a) above, and, if an agreement is reached, embody that agreement in an executed written contract.
 
 
 13
 (d) On request of the above union, restore the status quo ante which existed prior to the implementation of the unilateral changes made by the Petitioner with regard to the rates of pay, wages, and other terms and conditions of employment in the unit described above, and make the employees whole by remitting all wages and benefits that would have been paid absent such changes, plus interest, from 10 October 1983 until it negotiates in good faith with the Union to agreement or to impasse, in the manner set forth in the section of the Board's decision entitled "The Amended Remedy."
 
 
 14
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 15
 (f) Post at its office and place of business in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit Michigan), after being signed by the Petitioner's authorized representative, shall be posted by the Petitioner immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Petitioner to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 16
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Petitioner has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choiceTo act together for other mutual aid or protection
 
 
 22
 To choose not to engage in any of these protected concerted activities.
 
 
 23
 WE WILL NOT refuse to recognize Detroit-Toledo Local No. 289, Graphic Communications International Union as the exclusive collective-bargaining representative of our employees in the following appropriate unit:
 
 
 24
 All employees engaged in performing work, processes, or operations associated with lithography, wet or dry offset printing, photo engraving, intaglio, gravure, or any technological or other change, evolution of, or substitution for any of the above-named work, processes, or operations, bindery employees, shipping and maintenance employees, cold-type employees (including proofreaders, keyliners, keyboard operators, and photon employees), but excluding all sales employees, professional employees, office clerical employees, superintendents, guards, and supervisors as defined by the Act.
 
 
 25
 WE WILL NOT make unilateral changes in the rates of pay and benefits of the employees in the above unit without notice to and bargaining with the above Union.
 
 
 26
 WE WILL NOT tell applicants that they will not be hired because of their union affiliation.
 
 
 27
 WE WILL NOT refuse to hire or otherwise discriminate against employees to avoid bargaining with a union.
 
 
 28
 WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 29
 WE WILL offer immediate and full employment to Calvin Castell, Charlotte Casteel, John Mohan, Gale Willard, and Norman Wilson, without prejudice to their seniority or any other rights or privileges previously enjoyed, discharging if necessary employees hired from sources other than the Rite-Way Press, Inc., Detroit, Michigan printing plant to make room for them, and WE WILL make them whole for any loss of earnings they may have suffered by reason of our unlawful failure to hire them, with interest.
 
 
 30
 WE WILL, on request, bargain with the above Union as the exclusive representative of all the employees in the above unit concerning their terms and conditions of employment, and, if an understanding is reached, embody it in a signed contract if asked to do so.
 
 
 31
 WE WILL, on request of the above Union, cancel any changes from the rates of pay and benefits that existed immediately before our takeover of the Rite-Way, Press, Inc., Detroit, Michigan printing plant and make the employees in the above unit whole by remitting all wages and benefits that would have been paid absent such changes, plus interest, from 10 October 1983 until we negotiate in good faith with the Union to agreement or to impasse.
 
 
 32
 AMERICAN PRESS, INC.
 
 
 33
 (Employer)
 
 Dated ________ By ____________
 
 34
 This is an official notice and must not be defaced by anyone.
 
 
 35
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226, Telephone 313-226-3244.